**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| STURBRIDGE YANKEE WORKSHOP ) | **Case No. 20-20043** |
| CORPORATION, ) | |
| ) | |
| Debtor ) | |

**ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF**
**REORGANIZATION DATED SEPTEMBER 21, 2020**

On November 10, 2020 this Court conducted a final hearing (the "Hearing") on confirmation of the Debtor's Amended Plan of Reorganization Dated September 21, 2020 [D.E. # 173] (the "Plan"). The Debtor, through counsel, made an offer of proof at the Hearing for the purpose of establishing the Debtor's satisfaction of and compliance with the provisions of § 1129 of the Bankruptcy Code. No party objected to such offer of proof and, accordingly, the Court has accepted the facts recited in such offer of proof as true for the purpose of the Hearing. The Court having considered such facts and the arguments of counsel, the Plan, and good cause having been demonstrated to the Court, the Court hereby confirms the Plan in accordance with its terms and makes the following findings of fact and conclusions of law, and enters the following orders:

I. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court hereby makes the following Findings of Fact and Conclusions of Law in respect of the Plan:

A. The Plan complies with the applicable provisions of the Bankruptcy Code.

B. The proponent of the Plan has complied with the applicable provisions of the Bankruptcy Code.

C. The Plan has been proposed in good faith and not by any means forbidden by law.

D.   All payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Case, or in connection with the Plan, and incident to the Case, have been approved by or are subject to the approval of the Bankruptcy Court as reasonable.

E.   All classes of claims or interests are impaired under the Plan, and the holders of claims and/or interests, as the case may be, in such classes are entitled to vote to accept or reject the Plan.  There are no creditors holding claims within Class Three as described in the Plan.

F.   Each acceptance and rejection of the Plan has been solicited and procured by the Debtor in good faith and in accordance with the provisions of the Bankruptcy Code.

G.   The Plan provides that with respect to a Claim of a kind specified in Bankruptcy Code §§ 507(a)(1) through 507(a)(8), that the holders of such claims will receive on account of such claim cash equal to the Allowed Amount of such claim, payment to be made on the later of the Effective Date as defined in the Plan and the date which is thirty (30) days after the date upon which such Claim becomes an Allowed Claim.

H.   The Plan complies with the provisions of 11 U.S.C. § 1129.  Without limiting the generality of the foregoing (a) At least one class of Claims that is impaired under the Plan has accepted the Plan, as determined without including any acceptance of the Plan by any insider; and (b) With respect to any class of unsecured or unsecured claims that is impaired and has not accepted the Plan, the Plan is fair and equitable within the meaning of 11 U.S.C. § 1129(b)(2).

I.   The Plan provides for the payment on the Effective Date of all fees payable under 28 U.S.C. § 1930 with respect to the Case and provides for ongoing payment of fees due and payable under 18 U.S.C. § 1930 until the Case is converted, dismissed, or closed.

J.   The Plan provides for the payment of all allowed 11 U.S.C. § 503(b)(9) claims, including those held by Greenland Trading Co. *d/b/a* Greenland Home Fashions in the amount of

$3,188.00 and Town & Country Cabinets, Inc. in the amount of $19,674.05; payment of such claims shall be made on the Effective Date, or upon such other date and terms as the Debtor and the holder of such claims may agree upon.

K.    The Debtor provides no retiree benefits, as that term is defined in § 1114 of the Bankruptcy Code.

L.    The Debtor is a corporation and is not an individual.

M.    The Plan complies with all applicable provisions of the Bankruptcy Code

Based upon the foregoing Findings of Fact and Conclusions of Law, the Court finds and determines as follows:

**II.    ORDERS IN RESPECT OF THE PLAN**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Plan, shall be and hereby is confirmed, upon and subject to the terms of this Order.  This Order shall be effective immediately and shall not be stayed notwithstanding the provisions of Fed. R. Bankr. P. 3020(e).  Without limiting the generality of the foregoing, the Plan Support Agreement, as described in Article II, Section 2.2 of the Plan is hereby approved.

2.    The Plan and its provisions, including the said Plan Support Agreement, shall be binding upon (i) the Debtor; (ii) any creditor or equity security holder or member of the Debtor.

3.    In accordance with the Plan and this Order, the Debtor is hereby authorized, without further Order of this Court, to make all payments, to execute and deliver all documents and agreements, and to make all distributions and all transfers of property required to be made or authorized to be made pursuant to the Plan and this Order.  Without limiting the generality of the foregoing, any officer of the Debtor, acting singly and without the necessity of countersignature, may execute and deliver such documents and agreements on behalf of the Debtor.

4. Except as otherwise expressly provided in § 1141 of the Bankruptcy Code, the Plan, or this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Plan or this Order, the consideration to be paid and/or delivered by the Debtor pursuant to the Plan shall be paid and/or delivered, as the case may be, in full and final satisfaction, settlement, release, and discharge as against the Debtor of any and all legal and/or equitable Claims against and Interests in and to the Debtor, including, without limitation, any Claim or Interest that arose before the Confirmation Date, and any debt of a kind specified in Bankruptcy Code §§ 502(g), 502(h) or 502(i), whether or not (i) a proof of claim or interest is filed or deemed filed under Bankruptcy Code § 501; (ii) such claim or interest is allowed under Code § 502; or (iii) the holder of such claim or interest has accepted the Plan. Except as otherwise expressly provided in § 1141 of the Bankruptcy Code, the Plan, or this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Plan or this Order, all Claims of creditors against the Debtor whose Claims have attached to, or are secured by, property in which the Debtor has an interest shall, upon compliance by the Debtor with the terms of the Plan, be released and discharged, and upon such compliance, such claims shall be deemed satisfied in full and forever released and discharged.

5. Except as otherwise provided herein, after entry of this Order, all liens and Encumbrances on the Debtors' assets that do not constitute Allowed Secured Claims and that are not preserved in accordance with the Plan, this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Plan or this Order, are hereby declared null and void, and shall be of no force and effect following entry of this Order. Any holder of such a lien or Encumbrance shall forthwith, and without further order of this Court, cause the release and discharge of such lien or Encumbrance in every public recording office in which evidence of such lien or Encumbrance is recorded. In the event that any such holder fails and refuses to do so, then

the Debtor may cause to be recorded a discharge of such lien or Encumbrance in the name of such holder, and such discharge shall be effective as if executed and delivered by the holder.

6. Except as otherwise expressly provided in the Plan or in this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Plan or this Order, entry of this Order shall discharge the Debtor from any debt that arose before the date of entry of this Order, and any debt of a kind specified in Bankruptcy Code §§ 502(g) or 502(i), whether or not (i) a proof of the claim based on such debt is filed or deemed filed under Bankruptcy Code § 501; (ii) such claim is allowed under Bankruptcy Code § 502; or (iii) the holder of such claim has accepted the Plan. Any claim arising under Bankruptcy Code § 502(h) shall be a claim under Class Five of the Plan, but the reorganized Debtor shall have no liability with respect to such claim except as required by the Plan.

7. Without limiting the generality of the foregoing, all parties in interest including, without limitation, all creditors, members of the Debtor, governmental, tax, and regulatory authorities, lenders, trade and other creditors holding Claims against or interests in the Debtor (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), are forever barred, estopped, and permanently enjoined from asserting such claims and interests against the Debtor, its successors or assigns except in accordance with the Plan and this Order or any document or agreement executed and delivered by the Debtor pursuant to the Plan or this Order. Further, following entry of this Order, and except as provided in the Plan or this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Plan or this Order, the reorganized Debtor shall have no successor or vicarious liability of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, or substantial

continuity, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, with respect to any obligations of the Debtor arising before the date of entry of this Order, including liabilities on account of any taxes relating to the assets of the Debtor or any regulatory obligation of the Debtor, or in any way relating to the Debtor's ownership or operation of its assets before entry of this Order. The reorganized Debtor shall not be (or be deemed to be) the successor to the Debtor for any law or purpose, except as expressly set forth in this Order and the Plan.

8. Except as otherwise expressly provided in the Plan and this Order, or any document or agreement executed and delivered by the Debtor pursuant to the Plan or this Order, all creditors and equity security holders of the Debtor whose rights and interests are impaired by the Plan and/or this Confirmation Order, and all persons in concert or participation with them or any of them, are hereby restrained and enjoined from instituting or continuing any action, suit or proceeding, including without limitation, any administrative proceeding or arbitration or any proceeding before any quasi-governmental entity, or employing any process to collect any Claims or pursue any Interests as liabilities or obligations of the Debtor, except as provided in the Plan and this Order.

9. Nothing in this Order, however, is intended to impair the ability of any person or entity whose claim is disputed from asserting any right to have such a claim allowed and paid according to the Plan or to prohibit the holder of any claim to seek enforcement of the provisions of the Plan, nor is anything in this Order intended to change any prior, final order of this Court concerning treatment of the claim of any creditor, unless the claim of such creditor is expressly treated otherwise in the Plan.

10. This Court shall retain jurisdiction over the Case after the Effective Date for all of the purposes set forth in Article VIII, § 8.4 of the Plan, and for all of such further and additional purposes as are within the jurisdiction of the Court pursuant to 28 U.S.C. § 1334.

11. After the entry of this Order, and after written notice provided to any party in interest affected thereby, the Debtor may remedy any defect or omission or reconcile any inconsistency in the Plan or in this Order in such manner as may be necessary or appropriate to carry out the purposes and intent of the Plan, provided that, in the reasonable judgment of the Debtor, such remedy or reconciliation makes no material change to the substantive terms of the Plan or this Order. Any party-in-interest may object to any such modification that adversely affects its interest(s). Upon such objection, this Court shall determine if such modification is permissible.

12. The Plan shall be deemed to be substantially consummated for the purposes of § 1101(2) of the Bankruptcy Code when the requirements of Article VIII, § 8.12 have been met.

13. The Debtor shall comply with any and all post-confirmation reporting requirements imposed by the Office of the United States Trustee.

14. The provisions of this Order are non-severable and mutually dependent.

15. The fourteen (14) day stay otherwise imposed by Bankruptcy Rule 6004(h) and 6006(d) is hereby waived, and this Order shall be effective immediately upon entry.

DATED: November 10, 2020

/s/ Peter G. Cary
Hon. Peter G. Cary
U.S. Bankruptcy Judge